**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1117-RWS-JBB |
| | § | |
| ESSENTIAL RESOURCES GROUP INC d/b/a/ ESSENTIAL SCREENS, et. al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The above-captioned case was referred to United States Magistrate Judge James B. Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's Specific Objections to the Report and Recommendation of the United States Magistrate Judge's Report and Recommendation. Docket No. 83.

**BACKGROUND**

Plaintiff John Hurt, proceeding *pro se*, asserts claims against Essential Resources Group, Inc. d/b/a Essential Screens ("ERG"), ERG President Travis Powell, and ERG Employee Erin Taylor ("Defendants"). Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and common law claims against consumer reporting agency ("CRA") ERG. Docket No. 10. Plaintiff claims that ERG improperly included a criminal conviction in an employment background screening report prepared for a prospective employer, Texas Capital Bank ("TCB"), and TCB rescinded Plaintiff's offer of employment following communications with Defendants. Plaintiff further alleges he did not receive the report at the time it was furnished to TCB and never received the clear and conspicuous § 1681k(a)(1) notice required for employment reports. Rather, the first time Plaintiff could review the report was after TCB had

already received and relied on it to his detriment. *Id*. at ¶ 16. Additionally, Plaintiff contends that ERG failed to conduct a reasonable investigation tailored to the nature of Plaintiff's dispute and failed to notify Plaintiff as to the derogatory information in ERG's initial report to TCB.

On November 13, 2025, Plaintiff filed a Motion to Strike Certain Affirmative Defenses or, in the Alternative, to reclassify them as Rule 8(b) Denials. Docket No. 12. On July 2, 2026, the magistrate judge issued a report and recommendation, recommending Plaintiff's motion be granted-in-part and denied-in-part. Docket No. 79. Plaintiff filed objections to the report and recommendation concerning Defendants' fifth and seventh affirmative defenses. Docket No. 83.

## LEGAL STANDARDS

### I. Standard of Review

A party who timely files objections to a magistrate judge's report and recommendation is entitled to *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)(3). Any portion for which no objection is filed, the court reviews for clearly erroneous factual findings and conclusions of law. *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018).

### II. Motions to Strike

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, 2022 WL 2055232, at *1 (E.D. Tex. June 6, 2022) (quoting *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). Thus, it is improper for a court to grant a motion to strike if the "affirmative defense raises either a question of fact or a question of law." *Mosser v. Aetna Life Ins. Co.*, No. 4:15-cv-00430-

ALM-KPJ, 2018 WL 3301808, at *2 (E.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018).

**ANALYSIS**

Plaintiff does not specifically object to the magistrate judge's findings and conclusions regarding Defendants' first (failure to state a claim) or third (set-off) affirmative defenses.[1] Thus, the unobjected portions of the report and recommendation are reviewed for clearly erroneous factual findings and conclusions of law. The Court does not find the magistrate judge's findings and conclusions as to Defendants' first and third affirmative defenses clearly erroneous or contrary to law.

Plaintiff objects to the portions of the report and recommendation denying relief as to Defendants' fifth and seventh affirmative defenses. Docket No. 83 at 1. Therefore, the Court conducts a *de novo* review of the magistrate judge's findings and conclusions as to those affirmative defenses.

According to Plaintiff, the threshold question is whether the asserted matters are affirmative defenses at all. *Id.* at 2. Plaintiff contends Defendants' fifth and seventh defenses are not affirmative defenses (but rather are Rule 8(b) denials) because they do not admit Plaintiff's allegations and deny elements of Plaintiff's FCRA claims. *Id.* at 2.

Plaintiff states the magistrate judge's analysis as to Defendants' fifth and seventh affirmative defenses shifts from the correct inquiry—whether the pleadings give Plaintiff fair notice of the defense—to whether Defendants' theories might ultimately succeed after discovery or at summary judgment. *Id.* at 1–2. As explained below, Plaintiff's objections are unpersuasive.

[1] Plaintiff preserves his objection that Defendants' first affirmative defense is not a true affirmative defense but recognizes that some courts decline to strike such defenses from answers "on the ground that doing so may have little practical effect." Docket No. 83 at 7.

Plaintiff first challenges the magistrate judge's analysis of Defendants' fifth affirmative defense which contends that Defendants relied on a reliable source. *Id.* at 3. The magistrate judge declined to recommend striking Defendants' fifth affirmative defense at this time. Docket No. 79 at 8 (stating the cases cited by the parties indicate this might be a cognizable defense and further stating the Court can revisit whether this is a cognizable defense at pretrial). According to the magistrate judge, the issue of Defendants' reliance on information allegedly obtained from a reliable source may bear some possible relation to the case. *Id.* at 7 (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (stating that "the action of striking a pleading should be sparingly used by the courts" and that "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy")). A defendant CRA may "assert[ ] a defense that, while a particular entry may contain an inaccuracy under the prevailing law of a specific jurisdiction, such inaccuracy is not sufficient to impose liability on a credit reporting agency." *Id.* (quoting *Grant v. RentGrow*, Inc., No. SA-21-CV-1172-JKP, 2023 WL 5813140, at *6 (W.D. Tex. Sept. 6, 2023) (citing *Hurst v. Equifax Info. Servs., L.L.C.*, No. SA-20-CV-1366-JKP-ESC, 2021 WL 5926125, at *5 (W.D. Tex. Dec. 15, 2021))).

In his objections, Plaintiff asserts that Defendants' reliance on a reliable source is not a true affirmative defense because it disputes the alleged FCRA violation itself and does not present "some separate doctrine [that] defeats liability." Docket No. 83 at 4. According to Plaintiff, the misclassification is not harmless because "treating the denial as an affirmative defense can confuse the issues, blur the parties' burdens, and allow Defendants to preserve as an 'avoidance' what is merely a denial of Plaintiff's prima facie case." *Id.*

Consumers, like Plaintiff, "bear[ ] the ultimate burden" to establish each of the essential elements of a § 1681e(b) claim.[2] *Grant*, 2023 WL 5813140, at *5. However, as recognized by the Fifth Circuit, some courts "read the 'reasonable procedures' requirement as a limit on liability that might otherwise attach for inaccurate reports, rather than as an affirmative basis for a claim." *Id.* (quoting *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) (seeming to accept that reading while not expressly adopting it)). "At the end of the day, the trier of fact will consider all the circumstances to determine whether the defendant CRA used reasonable procedures." *Id*. at *6. And, while not its ultimate burden, a defendant CRA can show that it used reasonable procedures.[3] *Id.* In *Grant*, the court noted it had previously recognized that even though accuracy is an element of an FCRA claim, a defendant CRA may "assert[ ] a defense that, while a particular entry may contain an inaccuracy under the prevailing law of a specific jurisdiction, such inaccuracy is not sufficient to impose liability on a credit reporting agency." *Id*. (quoting *Hurst*, 2021 WL 5926125, at *5).

---

[2] The four elements a plaintiff must prove to succeed on a § 1681e(b) claim are: (1) the CRA "prepared a consumer report concerning [the plaintiff] that contained inaccurate information"; (2) the inaccuracy was due to the CRA's "failure to follow reasonable procedures to assure maximum possible accuracy"; (3) the plaintiff "suffered a cognizable injury"; and (4) causation linking the CRA's failure to that injury. *Grant v. RentGrow*, Inc., No. SA-21-CV-1172-JKP, 2023 WL 5813140, at *5 (W.D. Tex. Sept. 6, 2023).

[3] To the extent a plaintiff relies on reasonableness in its case in chief, the plaintiff, as a summary judgment movant, cannot rely on an absence of evidence as to the reasonableness of the CRA's procedures. *Grant v. RentGrow*, Inc., No. SA-21-CV-1172-JKP, 2023 WL 5813140, at *10 (W.D. Tex. Sept. 6, 2023) (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998)). However, for the CRA to affirmatively rely on the reasonableness of its procedures to escape liability at the summary judgment stage, it has the summary judgment burden to show that there is no genuine dispute of material fact as to the reasonableness of its procedures. *Id*. Once the summary judgment movant meets its burden, "the nonmovant bears the burden of adducing evidence showing an issue of fact that is more than colorable." *Id.* (quoting *McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 94 (1st Cir. 2022) (citation and internal quotation marks omitted in *Grant*)).

The court in *Grant* noted decisions from other circuits reveal that notice of an inaccuracy (or its absence), even when relying on a trustworthy source, is relevant to whether the CRA followed reasonable procedures. *Id.* at *14. For example, the Seventh Circuit recognizes that a CRA may rely on information from a presumptively reliable source without violating § 1681e(b), so long as the consumer has not notified the CRA that the information may be inaccurate. *Id.* (citing *Denan v. Trans Union L.L.C.*, 959 F.3d 290, 297 (7th Cir. 2020); *Sarver v. Experian Info. Sols*., 390 F.3d 969, 972 (7th Cir. 2004) ("records from financial institutions"); *Henson v. CSC Credit Servs*., 29 F.3d 280, 285 (7th Cir. 1994) (court records)). Similarly, the Sixth and Tenth Circuits have found that CRAs may reasonably rely "on information gathered by outside entities . . . so long as the information is not 'obtained from a source that was known to be unreliable' and is 'not inaccurate on its face' or otherwise 'inconsistent with information the [credit reporting agencies] already had on file.' " *Id.* (quoting *Hammoud v. Equifax Info. Servs., L.L.C.*, 52 F.4th 669, 675 (6th Cir. 2022) (quoting *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1241 (10th Cir. 2015))).

The Court agrees with the magistrate judge that at this time it does not need to decide whether accuracy as an element of an FCRA claim precludes Defendant from asserting the defense that, while a particular entry may contain an inaccuracy under the prevailing law of a specific jurisdiction, such inaccuracy is not sufficient to impose liability on the CRA. *See Hurst*, 2021 WL 5926125, at *5. The Court can revisit whether this is a cognizable defense during summary judgment rulings or at pretrial.

Second, Plaintiff challenges the magistrate judge's analysis of Defendants' seventh affirmative defense which contends that Defendants complied with § 1681k(a)(1).[4] Docket No. 83 at 5. In Plaintiff's motion to strike, he argues that § 1681k(a)(1) contemporaneous notice is an element of his claim, not an avoidance. Docket No. 12 at 7–8. The magistrate judge found Plaintiff's argument unpersuasive. Docket No. 79 at 9 (citing *Fernandes v. VMOC L.L.C.*, No. CV H-18-1544, 2018 WL 4901033, at *4 (S.D. Tex. Oct. 9, 2018) (rejecting the plaintiff's argument that the fourteenth affirmative defense was "no more than a partial recitation of an element of Plaintiff's class claim" and finding the defense notified the plaintiff that the defendants would contest his class claim)).

In his objections, Plaintiff again argues this is not an avoidance but a denial of Plaintiff's FCRA claim; thus, "the assertion [is] a Rule 8(b) denial, not a Rule 8(c) affirmative defense." Docket No. 83 at 5. According to Plaintiff, the magistrate judge applied the wrong legal classification, and the Court should strike the seventh affirmative defense "or, at minimum, reclassify it as a Rule 8(b) denial and make clear that it does not operate as an avoidance or shift any burden to Plaintiff." *Id.* at 6.

The magistrate judge did not find Plaintiff's arguments warrant striking Defendants' seventh affirmative defense at this time. The Court agrees. Plaintiff argues the Court should use Federal Rule of Civil Procedure 12(f) to correct the classification of Defendants' seventh pleaded defense now. Docket No. 83 at 7. However, a motion to strike under Rule 12(f) "is a drastic remedy

---

[4] Liability under § 1681k(a) requires that a consumer reporting agency that is selling consumer reports "for employment purposes" which "are likely to have an adverse effect on a consumer's ability to obtain employment" must "maintain strict procedures" to ensure that any consumer information "is complete and up to date." *Henderson v. Source for Pub. Data, L.P.*, 53 F.4th 110, 125 (4th Cir. 2022) (quoting §§ 1681k(a), 1681(k)(a)(2)). Liability under § 1681k(a) also requires that the defendant fail to provide notifications to the consumer that the report was provided to a potential employer. *Id.* at 125 n. 19 (citing § 1681k(a)(1)).

to be resorted to only when required for the purposes of justice." *Fernandes*, 2018 WL 4901033, at *1 (citations omitted). " '[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.' " *Id.* (quoting *Abene v. Jaybar, L.L.C.*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (first alteration in original) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004))). Even assuming Defendants' seventh defense is insufficient, there has been no showing of prejudice to Plaintiff which would warrant the drastic remedy of striking Defendants' seventh pleaded defense.

**CONCLUSION**

The Court finds Plaintiff's objections to the report and recommendation are without merit. The Court hereby adopts the report and recommendation of the magistrate judge as the findings and conclusions of this Court. Accordingly, it is

**ORDERED** that Plaintiff's Specific Objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 83) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 79) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's motion (Docket No. 12) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants' second affirmative defense is stricken as immaterial; otherwise, Plaintiff's motion to strike is denied.

**So ORDERED and SIGNED this 2nd day of September, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE