**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-1117-RWS-JBB |
| | § | |
| ESSENTIAL RESOURCES GROUP INC. *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The above-captioned case was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). Before the Court are Plaintiff's Specific Objections to the Report and Recommendation (Docket No. 157) and Motion for Leave to File Limited Reply to Defendants' Response to Plaintiff's Objections (Docket No. 167). Defendants have filed a response. Docket No. 166. On August 26, 2026 the magistrate judge heard oral argument on Defendants' Motion for Summary Judgment (Docket No. 111) and Plaintiff's Motion for Partial Summary Judgement or, in the Alternative, Rule 56(g) Findings (Docket No. 100). Plaintiff's motion for leave (Docket No. 167) is **GRANTED**.[1] Additionally, for the reasons below Plaintiff's objections (Docket No. 157) are **OVERRULED**.

**BACKGROUND**

Plaintiff John Hurt, proceeding *pro se*, asserts claims against Essential Resources Group, Inc. d/b/a Essential Screens ("ERG"), ERG President Travis Powell, and ERG Employee Erin

[1] The Court will consider the reply but notes that the motion lacks a certificate of conference required by L.R. CV-7(h) and that the arguments presented appear unnecessary or irrelevant to the ultimate recommendations contained in the report and recommendation.

Taylor ("Defendants"). Mr. Hurt asserts claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and common law claims against consumer reporting agency ("CRA") ERG. Docket No. 10. Mr. Hurt claims that ERG improperly included a criminal conviction in an employment background screening report prepared for a prospective employer, Texas Capital Bank ("TCB"), and TCB rescinded Plaintiff's offer of employment following communications with Defendants.

In 2014, Mr. Hurt was charged with misdemeanor harassment and stalking violations in a New Mexico county court. Docket No. 111-7 at ES-166. After dismissing the stalking charge, the metropolitan court convicted him of a harassment charge following a jury trial in 2016. *Id.* Mr. Hurt appealed that conviction to the New Mexico District Court, and he claims that, under New Mexico law, that was a "*de novo*" appeal, meaning that the district court would conduct a new trial without deference to the underlying conviction, and therefore, again, according to Mr. Hurt, rendering the underlying conviction as no longer valid. *Id.* However, instead of appealing the harassment conviction, Mr. Hurt or the New Mexico Court system opened the appeal on the *dismissed* stalking charge. Docket No. 50 at ¶ 25; Docket No. 111-7 at ES-116. Mr. Hurt never participated in the appeal beyond requesting it, and the New Mexico District Court appeared to allow the appeal to languish on the docket. Docket No. 111-7 at ES-116.

In 2025 as part of its hiring process, when TCB Bank was considering Mr. Hurt for employment, TCB retained Defendant ERG to conduct an employment screening, including a criminal background history check. On July 22, 2025, ERG reported the harassment conviction, without discussion of the appeal or its legal effect. Docket No. 50-1 at 2; Docket No. 111-2 (Taylor Dec.) at ¶¶ 5, 14–17. That same day, ERG notified Mr. Hurt that his conviction was being reported to TCB and asked for a statement. *Id.* at ¶ 18. Mr. Hurt explained his then-current understanding

of the appellate history and his view that the conviction was not valid and should not be reported. Docket No. 111-7 at ES-166–7. ERG apparently agreed it was not reportable because, on August 4, 2025, ERG timely supplied a corrected report that removed the harassment conviction. Docket No. 111-2 at ¶¶ 27–28; Docket No. 111-9. However, by that time, according to Mr. Hurt, the damage had been done because TCB had rescinded its job offer on August 1. Docket No. 50 at ¶¶ 57, 100; Docket No. 50-1 at ECF 4–6. Though TCB's HR Director was deposed and said the job offer was rescinded because of Mr. Hurt's behavior during the screening process and not because of the harassment conviction, Mr. Hurt contends a jury could find otherwise. Docket No. 120 at 3, 17–20.

Mr. Hurt subsequently filed this lawsuit against ERG and several of its employees, bringing three counts for violating the FCRA by failing reasonably to investigate and reinvestigate his criminal history and provide contemporaneous notice to Mr. Hurt of the initial report and numerous state law claims. Docket Nos. 1-1, 2.

Following a hearing, the magistrate judge issued a report and recommendation on September 24, 2026. Docket No. 146. The magistrate judge found that Defendants were not required to resolve the legal effect of Mr. Hurt's unfinished and mistakenly docketed appeal. *Id.* at 18–19. Thus, including the 2014 harassment conviction in the initial report did not make the initial report "inaccurate" for purposes of the FCRA, and therefore EGR is not liable for including the harassment in the initial report. *Id.* at 19–20. The magistrate judge rejected Plaintiff's remaining theories of FCRA violations and then found Mr. Hurt's state law claims are either preempted by the FCRA or otherwise fall with his FCRA violation claims. *Id.* at 21–32.

## LEGAL STANDARDS

### A. Standard of Review

The Court reviews a magistrate judge's report and recommendation in light of any filed objections. 28 U.S.C. § 636(b)(1); *Wallace v. Mississippi*, 43 F.4th 482, 394–96 (5th Cir. 2022). The portions of the report and recommendations objected to are reviewed *de novo*, while the remainder is reviewed for clearly erroneous factual findings and legal conclusions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006).

**B. Fair Credit Reporting Act**

The FCRA was "enacted . . . to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce. To that end, the Act imposes several obligations on [credit reporting agencies ('CRAs')] and authorizes consumers to bring a private cause of action in response to negligent or willful violations." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (quoting *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989)). The FCRA "does not impose strict liability for inaccurate entries. Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998) (citation omitted).

15 U.S.C. § 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." The "adequacy of agency procedures is what a reasonably prudent person would do under the circumstances." *Thompson v.*

*San Antonio Retail Merchants Assoc.*, 682 F.2d 509, 513 (5th Cir. 1982) (citation omitted). The determination of whether a procedure is reasonable is typically reserved for the jury. *Fraase v. Bureau*, No. 3:23-CV-117, 2025 WL 947546, at *4 (D.N.D. Mar. 28, 2025), *aff'd sub nom.*, 179 F.4th 654 (8th Cir. 2026) (citation omitted). Therefore, summary judgment is appropriate only where the reasonableness of the procedure is beyond question. *Id.*

15 U.S.C. § 1681i imposes a duty upon CRAs to conduct a reasonable reinvestigation into any information that a consumer disputes and that the agencies retain in his file. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 285 (5th Cir. 2025). In conducting its reinvestigation, the agency must "review and consider all relevant information submitted by the consumer" regarding the disputed information. *Id.* (quoting § 1681i(a)(4)). Within 30 days of notice of the dispute, the consumer reporting agency must either record the current status of the disputed information in the consumer's file, or delete or modify the disputed item of information if it is "inaccurate or incomplete or cannot be verified." *Id.* (quoting § 1681i(a)(1)(A), (5)(A)).

To ultimately "establish a violation of either § 1681i(a) or § 1681e(b), the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Morrell v. Experian Info. Sols., Inc.*, No. 3:25-CV-1466-L-BN, 2026 WL 1378596, at *3 (N.D. Tex. Apr. 30, 2026), *report and recommendation adopted*, 2026 WL 1701016 (N.D. Tex. June 11, 2026) (citations omitted).

15 U.S.C. § 1681k applies to a CRA "which furnishes a consumer report for employment purposes" containing items of information which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment. 15 U.S.C. § 1681k(a). Section 1681k(a) sets out two alternative requirements, and a CRA must comply with ***one*** of them—but not both—when reporting public information for employment purposes. The CRA can

either (1) "notify the consumer of the fact that public record information is being reported" or (2) "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a). A plaintiff seeking to establish such a violation "must show that: (1) a CRA furnished a consumer report for employment purposes compiled from public records containing adverse information; (2) the CRA failed to maintain strict procedures designed to insure that the information in the report was complete and up to date; and (3) the consumer report was either incomplete or not up to date." *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 700 (N.D. Ga. 2012).

**ANALYSIS**

After conducting a *de novo* review of the magistrate judge's findings and conclusions contained therein, the Court finds Plaintiff's objections without merit. Plaintiff raises five objections, each of which is discussed below.

First, Plaintiff contends that ERG's Report (the "Report") of the trial court harassment conviction was rendered inaccurate by the omission of the appeal that he claims appears in the public record. Docket No. 157 at 2. As the report and recommendation noted, however, "[t]here was no public record reporting a reversal (or vacatur) of that [harassment] conviction that had occurred on appeal—indeed, the appeal apparently never took place." Docket No. 146 at 23; *see also* Docket No. 111-6 (copy of case lookup from New Mexico Court not reflecting a reversal or vacatur).

Plaintiff states that reporting the harassment conviction "while omitting the recorded appellate status that qualified the procedural posture [of the conviction]" was "materially incomplete and misleading" because the "omitted appellate status changed the meaning reasonably

conveyed by the reported disposition." Docket No. 157 at 2. However, there is no record that the appeal had the effect of vacating Plaintiff's conviction. The FCRA does not require Defendants to perform a legal analysis of the facts to make such a determination. *Reyes v. Equifax Info. Servs., L.L.C.*, No. 4:21-cv-639-SDJ, 2024 WL 1308000, at *2 (E.D. Tex. Mar. 27, 2024) *aff'd sub nom.*, 140 F.4th 279 (5th Cir. 2025) (a plaintiff "cannot make the threshold showing that a report contains inaccurate information if the alleged inaccuracy is based on a not-yet-adjudicated position. . . . 'CRAs are not a tribunal sitting to resolve legal disputes.' "). The effect of Plaintiff's filing an appeal of a conviction that was never heard is a question of law that a CRA simply has no duty to answer.

In other words, determining what effect an unfinished, unattended appeal for the wrong charge had on a harassment conviction requires a legal resolution which the law does not require. Thus, ERG was not required to determine (1) the appeal's status (for example, Was it pending? Was it abandoned? What is the effect on timing, waiver, limitations, and due process concerns when an appeal was opened in the dismissed stalking charge rather than the harassment conviction?) or (2) the legal effect of that (for example, Does a "*de novo*" appeal automatically invalidate a conviction even if there is no record of any activity in the appeal? Can a person invalidate a metropolitan court conviction simply by opening an appeal and not participating? Does it matter that the appeal was of the dismissed stalking charge rather than the harassment conviction?). As the report and recommendation correctly explained, these are not the kind of "objectively verifiable" facts a CRA must accurately report—rather, these are complex questions that require legal analysis beyond the purview of a CRA. Docket No. 146 at 18–20. Plaintiff's argument that such questions *do not* require legal analysis simply because he is not asking ERG to

"decide who would win on appeal" (Docket No. 157 at 1-3) arbitrarily limits the meaning of "legal analysis" by ignoring the legal nature of all these questions.

Second, Plaintiff asserts there are factual inaccuracies in the initial report beyond the harassment conviction, such as identifying a false alias of "Johnathan M Hurt" and incorrect addresses. Docket No. 157 at 3. Plaintiff claims the amended August 4, 2025 report did not remove those inaccuracies. *Id.* However, these inaccuracies are not the focus of the case, and Plaintiff's summary judgment response does not claim that he suffered any harm from these inaccuracies. *See generally*, Docket No. 120. Rather, Plaintiff's claim is that TCB rescinded his job offer because ERG reported the harassment conviction. *Id.* at 3.

As urged by Defendants in their response, Plaintiff "makes no claim that this information had any impact, let alone a derogatory effect, on his efforts to seek employment." Docket No. 166 at 3. According to Defendants, in applying for a job with TCB, Plaintiff presumably provided his correct identification and address information to TCB, rendering the alleged discrepancies in the Report immaterial. *Id.* (citing *Dahy v. FedEx Ground Package Sys*., No. 17-1633, 2018 U.S. Dist. LEXIS 215115, at *18-19 (W.D. Pa. Dec. 20, 2018) (the fact that a CRA did not address a non-matching social security number in a report was immaterial as plaintiff had already provided his identifying information to his prospective employer)).

Third, Plaintiff contends Count III survives because, at a high level, Defendants did not offer sufficient proof to show they complied with their policy documents to meet Section 1681k(a)(2)'s requirement. Docket No. 157 at 5. However, as noted above, Mr. Hurt has not shown that the information reported was inaccurate or incomplete. "[A]bsent a showing that the information obtained by a defendant CRA was inaccurate or incomplete, a plaintiff's claim under § 1681k must fail." *Henderson v. Corelogic Nat'l Background Data, LLC*, 178 F. Supp.3d 320,

333 (E.D. Va. 2016) (quoting *Haro v. Shilo Inn, Bend L.L.C.*, No. 08-6306-AA, 2009 WL 2252105, at *3 (D. Ore. July 27, 2009) (cleaned up)).

Even assuming *arguendo* that Plaintiff's § 1681k claim does not fail, he has produced insufficient evidence to support his argument that ERG failed to maintain strict procedures to insure that the information in the Report was complete and up-to-date. As noted in the report and recommendation, all evidence going to this issue was provided by ERG, through the Taylor Declaration and sealed portions of ERG's policies and training material presented in Docket No. 112. *See* Docket No. 146 at 21–25. Defendants demonstrated the maintenance of strict procedures designed to insure that the information in the Report was up-to-date. *See* Docket No. 111-2 (Taylor Dec.) (explaining that ERG maintains training and procedures to ensure that the preparation of reports are complete and up-to-date); Docket No. 112-1 (sealed reporting procedures). Once Defendants produced evidence showing they did comply with Section 1861k(a)(2), it was Plaintiff's burden to identify affirmative evidence that they did not comply with their written procedures (or that their written procedures were insufficient). *Byers v. Dall. Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Plaintiff references other evidence that he asserts undercuts Ms. Taylor's declaration that ERG employees "abide" by those documents. Docket No. 157 at 5–7. Specifically, Plaintiff relies on one statement in Defendants' 200-page-long training document for his proposition that Defendants do not maintain strict procedures. According to Plaintiff, by noting that a CRA Helpdesk is available in considering what is reportable, the policies suggest that ERG had an obligation to render legal judgment. Docket No. 157 at 5 (citing Docket No. 112-2 at ES 335).

In *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001), the court declined to define what constitutes "strict" as opposed to "reasonable procedures," holding instead

that if there is a factual dispute over whether a CRA followed "reasonable procedures" under 15 U.S.C. § 1681e(b), there is a factual dispute over whether it followed strict procedures under § 1681(k)(a)(2). Here, however, Plaintiff has not identified evidence sufficient to create a genuine dispute as to whether Defendants' procedures were unreasonable or whether Defendants failed to follow them. The interrogatory responses from ERG and the third-party declaration relied upon by Plaintiff are not inconsistent with Ms. Taylor's declaration, and the absence of an explanation addressing Plaintiff's concern does not, without more, establish that Defendants failed to follow their procedures. *Compare* Docket No. 120-6 at ECF 22–23 *with* Docket No. 111-2 at ¶¶ 12–16. Although Plaintiff had the opportunity to depose Ms. Taylor and inquire whether and how those procedures were followed, he did not do so. That omission does not itself establish Defendants' compliance, but Plaintiff cannot substitute speculation about whether further inquiry might have revealed evidence of noncompliance. On this record, Plaintiff has failed to meet his burden of "setting forth particular facts indicating there is a genuine issue for trial" as to his §1681k(a)(2) claim. *Byers*, 209 F.3d at 424. But even assuming there was, this claim fails because there is no genuine fact issue that the public record item reported (the harassment conviction) was not complete and up-to-date. FTC, Div. of Fin. Practices, Staff Opinion Letter, 1999 WL 33932137 (Dec. 16, 1999) (interpreting 681k(a)(2) to "require only that each [public record] item reported be complete and up to date," and offering examples: that a report of an indictment must also report any dismissal or acquittal available on the public record as of the date of the report, and that a report of a conviction must similarly report a reversal that has followed from an appeal).

Fourth, Plaintiff objects to the report and recommendation's denial of his request for additional discovery under Federal Rule of Civil Procedure 56(d), in part based on the magistrate judge's finding that Plaintiff did not diligently pursue some of the requested discovery. Docket

No. 157 at 6–8. Plaintiff's objection focuses more on defending his discovery efforts rather than addressing the salient points in the report and recommendation. *See id.* The report and recommendation (1) pointed out that the magistrate judge had previously found Plaintiff failed to diligently pursue depositions; (2) ordered Defendants to produce a number of documents and meet and confer regarding a handful of outstanding document requests; (3) Plaintiff failed to attend the ordered conference; (4) regardless, Defendants have confirmed they do not have anything further to produce; (5) Plaintiff was not diligent in seeking the Rule 56(d) discovery; and (6) Plaintiff has not shown whether the requested Rule 56(d) discovery even exists or how it is material. Docket No. 146 at 32.

Plaintiff continues to fail to show any indication that the requested documents exist or that they would be relevant. Five of his six requests concern documents that, if they do exist, would show how ERG investigated and re-investigated his criminal background, and the sixth concerns a statement about causation apparently made by defense counsel (and found in earlier discovery responses) that had no bearing on the summary judgment briefing. Docket No. 120 at 1–2. Defendants have stated that they have no more documents to produce on these requests, and Plaintiff does not provide persuasive argument or evidence to cast doubt upon that assertion. Docket No. 123 at 7; Docket No. 146 at 32 n.9 ("Defendants' counsel represented there [was] nothing that was ordered to be produced which [had] not been produced."). But as the report and recommendation pointed out, documenting that ERG followed its own policies when investigating Plaintiff's background (or the causation issue) is not material to the threshold issue of whether ERG had the obligation to resolve the effect of the unfinished appeal on the harassment conviction. His objection is without merit.

Fifth, Plaintiff states that "[i]f Counts I-III survive, the R&R's rulings on Counts IV-VI and Section IX must be reconsidered." Docket No. 157 at 8. However, because Counts I-III do not survive, there is no reason to reconsider the recommendation that the other counts should be dismissed.

**CONCLUSION**

The Court finds that Plaintiff's objections to the September 24, 2026 report and recommendation are without merit. The Court hereby adopts the report of the magistrate judge as the findings and conclusions of this Court. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Leave to File Limited Reply to Defendants' Response to Plaintiff's Objections (Docket No. 167) is **GRANTED**. It is further

**ORDERED** that Plaintiff's Specific Objections to the Report and Recommendation of the United States Magistrate Judge (Docket No. 157) are **OVERRULED**, and the findings and conclusions contained in the September 24, 2026 Report and Recommendation (Docket No. 146) are **ADOPTED** as the findings and conclusions of the Court. It is further

**ORDERED** that Plaintiff's Updated Motion for Partial Summary Judgment or, in the Alternative, Rule 56(g) Findings (Docket No. 100) is **DENIED**, Defendants' Motion for Summary Judgment (Docket No. 111) is **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE**. The Court will enter a separate final judgment.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE